**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 03-4796**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY WALTER DOUGLAS, a/k/a Randy,

Defendant - Appellant.

—————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-03-75)

—————

Submitted:  March 15, 2006          Decided:  April 4, 2006

—————

Before KING, GREGORY, and SHEDD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rodney Walter Douglas pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). He received a 70-month sentence. On appeal, his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the court erred in assessing a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002). By way of supplemental briefing, both parties have addressed the impact of United States v. Booker, 543 U.S. 220 (2005). Finding no reversible error, we affirm.

On appeal, Douglas argues that the district court erred in assessing a four-level enhancement under USSG § 2K2.1(b)(5). Because Douglas did not object below, review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); Hughes, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

Section 2K2.1(b)(5) provides for a defendant's offense level to be enhanced by four levels if he used or possessed a firearm "in connection with another felony offense." "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003). We have reviewed the record, and we find no plain error in the court's imposition of this enhancement.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 245. Douglas did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court; review is therefore for plain error. Hughes, 401 F.3d at 547. Because Douglas' sentence was not enhanced based on any controverted fact, there was no Sixth Amendment violation.

To the extent that Douglas challenges the district court's application of the sentencing guidelines as mandatory, we

also find no plain error. To establish plain error, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." United States v. White, 405 F.3d 208, 224 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). In White, we determined that "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). Thus, we concluded that the error did not affect White's substantial rights and affirmed the sentence. Id. at 225. Likewise, the record here provides no nonspeculative basis suggesting that the district court would have sentenced Douglas differently had the guidelines been advisory instead of mandatory.

In accordance with Anders, we have reviewed the entire record, considered Douglas' pro se supplemental briefs, and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

- 4 -

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED